EDWARD G. ASAY, Appellant v. JOHN H. SPARR, Appellee.

APPEAL FROM THE SUPERIOR COURT OF CHICAGO.

A landlord is limited in his recovery, by the amount stated in his distress warrant; he must show on trial that he is entitled to the rent specified, and no more.

THIS is a proceeding in distress for rent by John H. Sparr, the landlord, to recover five hundred dollars, claimed to be due him by his tenant, Edward G. Asay, the appellant.

The distress warrant commands the sheriff, or any constable of the county of Cook, to distrain of the goods, etc., for the sum of five hundred dollars, for ten months' rent.

By virtue of this warrant a levy was made by a constable, and the warrant and certificate of levy were filed in the Superior Court of Chicago.

A summons was thereupon issued out of said court in said proceedings, in which damages were laid at five hundred dollars.

The court entered a default, and assessed the rent due under said warrant in the sum of $519.66.

On the same day the defendant below moved the court to set aside said assessment.

At the May term, 1860, said motion was overruled, and judgment was rendered in favor of the landlord for $519.66; to which overruling, and entering said judgment, the defendant below excepted, and prayed an appeal to this court.

ASAY & BRACKEN, for Appellant.

HELM & CLARK, for Appellee.

BREESE, J. The amount claimed by the landlord in the distress warrant, fixes the limit of his recovery. He is not authorized to seize property and sell it to a greater amount than that stated in the warrant, and to sustain the warrant, he must show on trial that he was entitled to as much rent as is specified in the warrant, and no more. The tenant can reduce the amount by proving payment of part. The landlord is strictly confined to the claim he makes in the distress warrant. That warrant is of the nature of a summons and declaration, and there is no rule better settled, than that it is error to render judgment for a larger sum than that claimed in the declaration, whatever may be the form of action. *Brown* v. *Smith*, 24 Ill. 197 ; *Wolcott* v. *Holcomb*, ib. 331.

The judgment of the court below is reversed, and the cause remanded. *Judgment reversed.*